### Hargis v. All-States Realty Co.

April 28, 1939.

W. G. HARGIS for appellant.

J. R. McGARRY for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Appellant, W. G. Hargis, on February 1, 1937, signed a written lease, the preamble of which is as follows:

> "I have this day rented of Echert & Company thru the All-States Realty Company, Inc., the apartment house No. 415 on Madison Street in Covington, Kentucky for one month ending at 12 o'clock midnight of March 1, 1937, for which I promise to pay the sum of ($22.50) Twenty-two and 50/100 dollars without demand, in advance, as rent or notice of possession."

On April 3, 1937, on complaint of the All-States Realty Company through Clay H. Blackburn, agent, a forcible detainer warrant was issued against appellant from a justice's court in Kenton County, charging him with forcibly detaining the premises covered by the lease from the All-States Realty Company. On trial in the justice's court he was found guilty of the forcible detainer. A traverse was filed and on trial in the circuit court he was again found guilty and judgment of restitution was entered on that verdict, from which judgment appellant prosecutes this appeal, assigning numerous grounds for a reversal of the judgment, one of these being that the All-States Realty Company had no authority to maintain the action. We will consider this ground only as it must be sustained.

Section 18 of the Civil Code of Practice provides that every action must be prosecuted in the name of the real party in interest, except as provided in Section 21.

It is obvious that this action was not prosecuted by the real party in interest. The property is owned by Echert and Company, composed of the four Echert sisters, who are joint owners of the property. The action should have been prosecuted in their name, as the record discloses that the All-States Realty Company had no interest in the contract of tenancy whatsoever. It merely acted as agent of the Echert sisters in making the lease and does not come within the category of those, other than real parties in interest, authorized to bring action by Section 21 of the Civil Code of Practice.

Nor did the relation of landlord and tenant exist between appellant and the All-States Realty Company. It is established that the appellant did not make a forcible entry, but came into possession of the premises rightfully by lease from the owner; therefore, only the landlord could prosecute an action for forcible detainer against him. Civil Code of Practice, Section 452.

The statement is made in brief for the appellee that appellant has surrendered the premises since the rendering of the verdict and that, therefore, the question raised on this appeal has become moot. In the absence of any showing in the record, we are unable to accept a statement thus made in a brief.

For the reasons given, the judgment is reversed for further proceedings consistent with this opinion.